

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-10-00348-CR

BRANDON LEE NIX                                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT AT LAW NO. 3 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On May 5, 2010, after finding that Appellant Brandon Lee Nix violated the terms and conditions of his community supervision, the trial court adjudicated Nix guilty of, and sentenced him to 120 days' confinement for, misdemeanor theft of property with a value of $50 or more but less than $500. *See* Tex. Penal Code Ann. § 31.03(e)(2)(A)(i) (Vernon 2003).

---
[1]*See* Tex. R. App. P. 47.4.

Nix's motion for new trial was due June 4, 2010, but it was not filed until June 7, 2010. *See* Tex. R. App. P. 21.4(a). Therefore, his notice of appeal was also due June 4, 2010. *See* Tex. R. App. P. 26.2(a). On August 20, 2010, Nix filed his notice of appeal with a motion to extend time to file the notice of appeal.[2]

On September 9, 2010, we notified Nix's counsel of the apparent untimeliness of the appeal; requested that he advise whether the motion for new trial was properly addressed, stamped, and mailed by the United States Postal Service to the proper trial court clerk on or before June 4, 2010; stated that any response must be filed on or before September 20, 2010; and stated that the appeal would be dismissed for want of jurisdiction if the court determined that the appeal was not timely perfected. *See* Tex. R. App. P. 9.2(b)(1), (2).[3] We have received no response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *See* Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days of sentencing). The court of criminal appeals has expressly held that, without a timely filed notice

---

[2]We denied Nix's motion to extend time to file his notice of appeal on September 27, 2010, because without a showing that the motion for new trial was timely filed, the motion to extend time to file the notice of appeal was also untimely. *See* Tex. R. App. P. 26.3.

[3]Under rule of appellate procedure 9.2(b), a notice of appeal is timely only if it was deposited with the United States Postal Service on or before the last day for filing and received by the trial court within ten days after the filing deadline. Tex. R. App. P. 9.2(b)(1). Our September 9, 2010 letter also listed the items that we would accept as evidence of proof of mailing.

of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because there has been no showing that Nix's motion for new trial was timely filed, his notice of appeal was correspondingly untimely. Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  MCCOY, MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 14, 2010